42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl GIVENS, Plaintiff-Appellant,
v.
John FRITZ, Superintendent of the Vermilion County Public
Safety Building; Vermilion County Sheriff's
Department; Sharon Flick, Nurse, et
al., Defendants-Appellees.
 No. 93-2508.
 United States Court of Appeals, Seventh Circuit.
 Argued June 2, 1994.
Decided Dec. 14, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Carl Givens ("Givens") claims that while he was a pre-trial detainee at the Vermilion County Public Safety Building ("the jail"), he was not given proper dental care. He appeals from judgment entered against him as well as decisions to vacate rulings which found defendants in default and which granted summary judgment in his favor. We affirm.
 
 I.
 A. Facts
 
 2
 The ultimate decision (by Judge McDade) was to grant defendants' motion for summary judgment. The facts established as undisputed are as follows.
 
 
 3
 Givens was a pre-trial detainee at the jail from October 12, 1989, to June 6, 1990. On October 30, in response to his request for medical care of the day before, Givens was examined by Nurse Sharon Flick ("Flick"). He complained about his teeth and told her he had an abscessed tooth; there was an infection in Givens' mouth. Flick contacted the jail doctor, who prescribed antibiotics, pain pills, and Anbesol.
 
 
 4
 On November 11, Givens went back to see Flick because his prescription had run out, and he wanted to continue the medication. At that time, he no longer had an infection but he did have a loose tooth, which Givens told Flick he had prior to coming to the jail. Givens wanted the tooth pulled.[1] The jail did not have a dentist, and the policy was that the county would pay for an inmate to see a local dentist only if, in the nurse's opinion, it was an "emergency situation" or a "serious medical condition." An inmate could also see a local doctor if he would pay for "elective and or a non-serious condition occurring prior to his incarceration...." May 14, 1993 Morgan Aff. para. 9. Flick told Givens that the dentist would not see him unless he paid $50. Givens contacted the jail's superintendent, Calvin Showers, Jr. ("Showers") about the situation, and Showers referred him back to Flick.
 
 
 5
 In his deposition, Givens explained that prior to his incarceration, he had "occasional toothaches." He had planned to get one of his teeth pulled, because it was causing him problems, such as swelling and soreness. On a health history form dated October 13, 1989, and signed by Givens, a box was marked by a nurse after questioning Givens, indicating that Givens did not have "Severe Tooth or Gum Trouble." Givens then explained that his tooth was not bothering him when the form was filled out, and that "it really got bad" while he was in the jail. Givens has been told that he has a gum disease, and has had several teeth pulled while incarcerated at facilities following his stay at the jail.
 
 B. Merits of Givens' Dental Claim
 
 6
 Givens alleges that defendants violated his due process rights by failing to provide him with adequate dental care. The due process clause of the Fourteenth Amendment prohibits punishment of pretrial detainees, because they have not been found guilty. Bell v. Wolfish, 441 U.S. 520 (1979). "[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." Id. at 545. The question is whether defendants "intentionally, recklessly, or with deliberate indifference withheld medical care" from Givens. Brownell v. Figel, 950 F.2d 1285, 1290 (7th Cir.1991); Salazar v. City of Chicago, 940 F.2d 233 (7th Cir.1991). Gross negligence does not violate due process. Salazar, 940 F.2d at 238.
 
 
 7
 Prior to his detention in October 1989, Givens had occasional toothaches; he had been planning to get a tooth pulled. The day after he first complained of tooth pain after he was in the jail, he saw Flick. He then received prescriptions for his pain and the infection in his mouth, and was allowed to see Flick every time he requested medical attention. Givens acknowledges that "his condition was no longer 'acute,' " but that it was " 'chronic.' " Pl.'s Br. at 27. On defendants' motion for summary judgment, Givens did not show any action (or omission) by defendants that suggests deliberate indifference to a serious medical need so as to raise a material issue of fact. He therefore fails to make a factual showing of a violation of his constitutional rights.
 
 II.
 A. Procedural History
 
 8
 We explain the procedural history of this action in detail, to provide a background for our discussion of challenges Givens raises to orders below which allowed defendants to continue with the defense of this action.
 
 
 9
 Givens' pro se complaint was filed on January 7, 1991. Defendants[2] were served within one week. On April 17, District Court Judge Baker ordered defendants to appear in person for a May 1 status conference, and to be prepared to show cause why default judgment should not be entered against them. On May 1, defendants failed to appear, and Magistrate Judge Kauffman entered a minute order finding defendants in default, and ordering the matter to be scheduled to prove-up damages. On May 7, defendants filed a "Motion to Vacate Default Judgment." (In fact, default judgment had not yet been entered.) Defendants asserted that Givens had filed another action against them, and that they had forwarded both cases to their insurance carrier, which retained counsel for the other action. The insurance carrier failed to forward documents relating to this action to defendants' counsel. On June 11, Judge Baker granted defendants' motion.
 
 
 10
 On July 31, defendants filed a four-sentence motion to dismiss with no supporting memorandum, which Judge Baker denied. Subsequently, the parties consented to proceed before a magistrate judge. Magistrate Judge Kauffman allowed Givens to amend his complaint to include Flick, and set discovery and summary judgment deadlines. On November 21, Givens' amended complaint was filed, and on January 27, 1992, Givens filed a motion for summary judgment and supporting memorandum.
 
 
 11
 On March 4, Magistrate Judge Kauffman allowed Givens to amend his complaint, and ordered defendants to "show cause in writing within 10 days why plaintiff's requests for admission, served on January 23, 1992, should not be deemed admitted," and to respond to Givens' motion for summary judgment within ten days. (Apparently counsel for defendants represented that they had not received the motion.)
 
 
 12
 On March 24, with defendants having failed to respond within ten days as ordered, the magistrate judge granted Givens' motion for summary judgment. The next day, defendants filed a motion for an extension of time to respond to Givens' summary judgment motion. In support of their motion, defendants gave two primary reasons for seeking the extension. First, counsel for defendants asserted that Dr. Manoucher Ravaee (the jail doctor), who was added as a defendant on December 4, and who had yet to be served, would likely be represented by the current defendants' counsel, and that he certainly had an interest in the summary judgment motion. In fact, the Acknowledgment of Receipt of Summons and Complaint is signed by Dr. Ravaee, dated March 11, 1992 (fourteen days before counsel filed their motion for extension of time). Also, counsel asserted that they were in the process of preparing affidavits when defendant Showers died, and therefore counsel needed more time to locate additional people to provide affidavits. In fact, Showers died on January 14, 1992, but counsel had not previously informed the court, and did not formally do so until May 13.
 
 
 13
 On March 31, defendants filed a motion to vacate the March 24 order. Counsel asserted that on March 4, he called the court clerk to reschedule the telephone conference which had been scheduled for that morning because he had been in depositions and the call had not been forwarded. Counsel told the clerk that he had not received Givens' motion for summary judgment. The clerk indicated she was speaking with Magistrate Judge Kauffman and that the motion would be mailed and he would have fourteen days from receipt to respond. Counsel received the motion on March 7. Counsel also reasserted that he needed additional time to prepare affidavits, given Showers' death. Magistrate Kauffman granted the motion.
 
 
 14
 On May 29, defendants filed a motion for summary judgment, which Magistrate Judge Kauffman denied, essentially because defendants did not provide any supporting documentation for assertions made in support of their motion.
 
 
 15
 On that day, Magistrate Judge Kauffman also observed that it appeared that defense counsel had received Givens' summary judgment motion, as evidenced by a postal receipt dated January 25, and had misrepresented facts to get an extension of time and to set aside default. Oct. 21, 1992 Kauffman Certificate. Magistrate Judge Kauffman concluded that such actions constitute contempt of court, requested the district court to take appropriate action, and recused himself. Judge Baker also recused himself, and Chief Judge Mihm transferred this case to a different court division. The case was reassigned to District Judge McDade.
 
 
 16
 Judge McDade, without elaborating, stated "the Court finds that it would be inappropriate to find Defendants' counsel in contempt of court at this point...." Dec. 9, 1992 Order at 3. Judge McDade also ordered the parties to file renewed motions for summary judgment within thirty days.
 
 
 17
 On April 30, the district court ordered defendants to submit documentary support for their summary judgment motion within fourteen days. Defendants filed two affidavits on May 17, although fourteen days from Judge McDade's order had been May 14.
 
 
 18
 Judge McDade subsequently granted summary judgment in favor of defendants, and judgment was entered on June 9, 1993.
 
 B. Vacation of Orders in Givens' Favor
 
 19
 Givens argues that the district court abused its discretion when it granted defendants' May 7 "Motion to Vacate Default Judgment," because there was no good cause for defendants' failure to timely answer his complaint and failure to appear on May 1, 1991.
 
 
 20
 Givens further argues that the magistrate judge abused his discretion when he granted defendants' motion to vacate the March 24, 1992 order which granted summary judgment in favor of Givens. In the March 24 order, Magistrate Judge Kauffman noted that "[t]he court is very concerned at the outset about the conduct of the attorneys for the defendants in this case. The attorneys have displayed a sanctionable lack of due diligence in proceeding with this case." March 24, 1992 Order at 1.
 
 
 21
 Both orders were procedurally made as minute entries; we have nothing in the record (except for a docket entry regarding the motion to vacate default judgment: "The merits of this case must be addressed; the pla[intiff] may not prevail on the basis of a technicality") to indicate the judges' reasons for granting defendants' motions.
 
 
 22
 Although we affirm the decision against Givens on the merits, we must observe that the failures and improper conduct of defense counsel might well have led the district court to award judgment to Givens as a sanction for counsel's conduct. We do not, however, find an abuse of discretion by the district court in reaching and deciding the merits.
 
 
 23
 Accordingly, we AFFIRM.
 
 
 
 [1]
 There are contradictory statements as to whether one or two teeth were involved
 
 
 [2]
 At that time, Calvin Showers, the then-current superintendent of the jail, was named as a defendant. Showers died in January 1992, and on October 21, 1992, the court allowed Givens to substitute Showers' successor, John Fritz, as to claims made against the superintendent in his official capacity. Additionally, defendants Flick and Dr. Manoucher Ravaee were added at later dates